[No. 20974. Department One. April 2, 1928.]

JAMES W. HALL, *Respondent*, v. LEWIS A. DARE *et al.*,
*Appellants.*[1]

[1] CRIMINAL LAW (25)—MALICIOUS PROSECUTION (21)—JURISDIC-
TION OF JUSTICE—CRIMINAL RESPONSIBILITY. Under Rem. Comp.
Stat., § 2631, making it a gross misdemeanor, subject to a fine
of twenty-five dollars, to remove property with intent to defraud
a purchaser thereof, the imposition of a fine in that amount was
within the jurisdiction of a justice of the peace.

[2] MALICIOUS PROSECUTION (15)—EVIDENCE—SUFFICIENCY. In an
action for malicious prosecution for the removal of a flag pole
from defendant's premises, a remark made by plaintiff to de-
fendant's wife, while he was occupying the premises as tenant
of a former owner, that plaintiff would like to remove the flag
pole, the remark not being made in the presence of the hus-
band, was insufficient to support plaintiff's assertion of title.

Appeal from a judgment of the superior court for
Kitsap county, Sutton, J., entered July 7, 1927, upon
the verdict of a jury in favor of the plaintiff, in an
action for malicious prosecution. Reversed.

*H. E. Gorman,* for appellants.

*Hartge & Cadwallader,* for respondent.

MITCHELL, J.—James W. Hall owned and lived on
a residence property at Winslow in Kitsap county.
During his ownership of it, he erected a flag pole on
the property. He mortgaged the property. The mort-
gagee foreclosed the mortgage and became the pur-
chaser at sheriff's sale. Thereafter Hall remained on
the premises as a tenant. The purchaser at the fore-
closure sale sold and conveyed the premises to Lewis A.
Dare and his wife, Muriel V. Dare, who let Hall remain
on the premises as their tenant for a month. During
that month Hall removed the flag pole from the

¹Reported in 266 Pac. 162.

premises. Thereupon Dare verified a criminal complaint before a justice of the peace against Hall for the removal of the pole. Upon his arrest and trial, he was convicted and adjudged to pay a fine of twenty-five dollars and costs, "said fine of twenty-five dollars to be remitted, provided defendant would replace said flag pole in its original position on said premises."

Hall appealed to the superior court wherein, some time thereafter, on motion of the prosecuting attorney, apparently without any showing whatever, an order was entered dismissing the action with prejudice, without stating any reason other than the motion of the prosecuting attorney. Thereafter the present action was brought by Hall, complaining that by a conspiracy between Dare and his wife they had maliciously caused him to be prosecuted before the justice of the peace. Upon issues being made up the case was tried to a jury, and the defendants have appealed from a judgment in the sum of $350 against them entered upon the verdict.

The controversy is somewhat unfortunate. All of the parties, it appears, are reputable citizens. Without question, however, the flag pole was the property of Dare and his wife, it was a part of the realty. *Hall v. Dare,* 142 Wash. 222, 252 Pac. 926. There is not in the case any tangible, reasonable proof of any so-called conspiracy on the part of the appellants nor of any malicious prosecution. The respondent contends that the verdict of guilty in the justice of the peace court does not establish the existence of probable cause to excuse appellants from liability, for two reasons: First, because the judgment of the justice of the peace is void; and, second, the appellant Lewis A. Dare swore falsely at that trial.

[1] On the first proposition the argument is that in a justice of the peace court, it being a court of

limited jurisdiction, the complaint must affirmatively allege facts showing jurisdiction; that the prosecution in this case was for larceny; that Rem. Comp. Stat., § 2605 [P. C. § 8948], defines larceny as grand larceny where the value of the property stolen is more than twenty-five dollars, and is a felony, and every other larceny as petit larceny which constitutes a misdemeanor; that a justice of the peace has no jurisdiction to hear and determine felony cases nor any larceny case, other than petit larceny; and that, the criminal complaint in this cause being silent as to the value of the flag pole, it is therefore contended that, since it does not affirmatively appear upon the face of the complaint that the defendant was charged with a crime which the justice of the peace had power to hear and determine, the judgment is void. There is no claim that a justice of the peace is without power to hear and determine a complaint charging a gross misdemeanor and impose a fine of twenty-five dollars.

The proof shows that Dare made a fair and full statement of the essential facts to the justice of the peace. The complaint was prepared by the justice in language of his own choosing, and he testified in the present trial that Dare stated to him, before the criminal complaint was written, that the pole was worth about twenty-five dollars, which appears to bear a suggestive relation to the amount of the fine imposed. The charging part of the criminal complaint is:

"That on the 8th day of September, 1924, at Winslow, in the county of Kitsap and state of Washington, James W. Hall did then and there wilfully and unlawfully take down and remove from the premises of said Lewis A. Dare and Muriel V. Dare, his wife, one flag pole and accessories, with intent to defraud the owners, the said Lewis A. Dare and Muriel V.

Dare, thereof, contrary to the form of the statute,''
etc.

Pleadings drawn by justices of the peace ordinarily
are not models of professional skill, but it appears to
us that this complaint was drawn under a statute other
than the larceny statute. It is not in the technical
language usually employed in charging larceny or
stealing. It more nearly complies with Rem. Comp.
Stat., § 2631 [P. C. § 8883], which provides:

"Every person who, with intent to defraud a prior
or subsequent purchaser thereof, . . . shall re-
move any of his property, or secrete, assign, convey
or otherwise dispose of the same, . . . shall be
guilty of a gross misdemeanor."

In our opinion, the judgment of the justice of the
peace was not void.

On the second proposition, upon being asked what
it was that Mr. Dare swore to in the criminal action
that was false, the respondent answered, ·

"I do not readily recall, I think he swore that the
flag pole was removed without his knowledge or con-
sent."

The only foundation for that statement is that, while
the respondent was occupying the premises as a tenant
under appellants' grantors, appellants visited the
premises, on which occasion, as respondent testified, he
told them that when he moved he expected to take the
flag pole. This was denied by Mr. Dare, while his wife
testified that respondent said on that occasion he would
like to remove the flag pole when he left the place, but
she further testified that Mr. Dare was not within
hearing when that statement was made. But admit
respondent's version, what of it? It was nothing more
than a casual remark to persons who were not con-
cerned about the matter. It was none of appellants'
business, they did not own the property or any interest

in it. There is no pretense that thereafter the matter was again mentioned to either of the appellants. Neither of them was present at the time the respondent removed the flag pole, Mr. Dare being in Seattle. It probably amounted to a spark or scintilla of evidence, not sufficient under the rule in this state and especially in malicious prosecution cases, which are not favored in the law.

Some other questions are presented in the briefs but in our opinion they are disposed of by what has already been said herein. Appellants' motions for a nonsuit, for a directed verdict and for judgment notwithstanding the verdict, each of which was interposed at an appropriate time, were each and all well taken in our opinion.

Reversed, and remanded with directions to dismiss the action.

MACKINTOSH, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.